UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| JACKSON COUNTY BANK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:18-cv-01346-SEB-MPB |
| | ) | |
| MATHEW R. DUSABLON, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER ON PLAINTIFF'S PETITION FOR COSTS AND FEES (DKT. 22)**

On June 7, 2018, we remanded this case to Jackson Superior Court, Jackson County, Indiana, for lack of jurisdiction and untimely removal. Dkt. 19. Because Defendant's removal lacked an objectively reasonable legal basis, we ordered Defendant to pay Plaintiff's costs and fees incurred as a result. *Id.* Now before the Court are Plaintiff's itemized petition, Dkt. 22, and Defendant's response to it. Dkt. 24.

## Analysis

"An order remanding [a] case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). "Under the American Rule parties bear their expenses in one court system, 'but when their adversary wrongfully drags them into a second judicial system the loser must expect to cover the incremental costs.'" *Wisconsin v. Hotline Indus., Inc.*, 236 F.3d 363, 367–68 (7th Cir. 2000) (quoting *Garbie v. DaimlerChrysler Corp.*, 211 F.3d 407, 411 (7th Cir. 2000)). While Section 1447(c) is "unusual among fee-shifting statutes" in permitting recovery of "actual," as opposed to "reasonable," fees, *id.* at 366–67, "nothing

1

in the Seventh Circuit's ruling in *Hotline Industries* suggests that courts are compelled to award unreasonable fees." *Speece v. Am. Family Mut. Ins. Co.*, No. 1:10-cv-1595, 2011 WL 5827194, at *1 (S.D. Ind. Nov. 17, 2011) (Barker, J) (citing *Huffman v. Saul Holdings*, 262 F.3d 1128, 1135 (10th Cir. 2001)). *See, e.g., Shelter Ins. Co. v. Lighting & Supplies, Inc.*, 1:12-cv-01007, 2012 WL 5505778 (S.D. Ind. Nov. 13, 2012) (McKinney, J.) (striking unreasonable requests from successful § 1447(c) movant's fee petition).

Here, Plaintiff requests $19,712 in fees, representing 53.7 hours of attorney time split among four partners and one associate, whose hourly rates were $410 for three of the partners, $350 for the fourth, and $250 for the associate. There is also 0.6 hours of paralegal time billed at $175 per hour. Plaintiff further requests $259.61 in legal research costs, for a total requested award of $19,971.61.

Defendant raises general objections to the overall fee request characterizing it as "excessive and inappropriate" for "a single trial brief" on "general and well known law," and arguing that "several entries" on Plaintiff's itemized petition appear to be superfluous. Dkt. 24, at 1. Specifically, Defendant objects to all entries by the fourth partner and the associate as duplicative, and to one entry by the lead partner of 3.0 hours for the preparation of a proposed order as "unnecessary" and "not required by rule." *Id.* at 2. Sustaining Defendant's specific objections in their entirety produces a figure of $12,692 for 30.7 hours of partner time at $410 per hour and 0.6 hours of paralegal time at $175 per hour.

We view this figure as still unreasonably high, far out of line with fee awards in similar cases in this district and division. We shall strike 3.9 of the 4.9 partner hours

expended following Plaintiff's receipt of Defendant's opposition to its motion to remand. That time related to a task that "would have been performed regardless of whether the case was in state or federal court[,]" *Speece*, 2011 WL 5827194, at *1, to wit, evaluating whether to answer Defendant's counterclaims; and on evaluating whether to file a reply to Defendant's opposition. But the reply never came, and in any event the right to file one was likely waived by Plaintiff's motion requesting that the Court rule on its motion to remand by the next court day after Defendant's opposition was due. *See* Dkts. 13, 17.

We shall also strike as unreasonable the 0.5 hours of the lead partner's time spent preparing (surely not *de novo*) Plaintiff's three-sentence corporate disclosure statement required by Rule 7.1, Fed. R. Civ. P. *See* Dkt. 8.

That leaves 26.3 hours for three partners with at least sixty-one years of lawyering experience among them to research and draft one two-page motion to remand and one twenty-four-page brief in support. That is clearly excessive relative to the comparatively modest degree of difficulty and complexity of the factual and legal issues at bar. At least half of those hours ought reasonably to have been billed at the associate's rate, 13.2 hours at $250 per hour and 13.1 hours at $410 per hour—still a liberal ratio.

Defendant does not challenge Plaintiff's counsels' hourly rates, and we find them reasonable for lawyers of similar experience in Indianapolis. Nor does Defendant challenge the paralegal's time or rate, nor Plaintiff's legal research costs. We accept these figures as given.

## **Conclusion and Order**

For the reasons explained above:

Defendant is ORDERED to pay to Plaintiff the sum of $9,035.61, representing $8,776 in attorney fees and $259.61 in costs.

IT IS SO ORDERED.

Date: 7/19/2018

*Sarah Evans Barker*

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Phillip J. Fowler
SMITHAMUNDSEN LLC (Indianapolis)
PFowler@salawus.com

W. Brent Gill
SMITH LAW SERVICES PC
wbrentgill@comcast.net

Philip J. List
SMITHAMUNDSEN LLC (Indianapolis)
plist@salawus.com

Debra Ann Mastrian
SMITHAMUNDSEN LLC (Indianapolis)
dmastrian@salawus.com

Jason M. Smith
SMITH LAW SERVICES, P.C.
jason.smith@smithlawservices.com