UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JACKSON COUNTY BANK, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 1:18-cv-01346-SEB-MPB ) |
| MATHEW R DUSABLON, | ) ) |
| Defendant. | ) ) ) |
| MATHEW R DUSABLON, | ) ) |
| Counter Claimants, | ) ) |
| v. | ) ) |
| JACKSON COUNTY BANK, | ) ) |
| Counter Defendants. | ) |

**ORDER OVERRULING DEFENDANT'S OBJECTIONS TO MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

This matter comes before the Court on Defendant Mathew R. DuSablon's Objections to the Magistrate Judge's January 10, 2019 Report and Recommendation. Dkt. 79. For the reasons set forth herein, Defendant's objections are **OVERRULED** and the Magistrate Judge's Report and Recommendation is **ADOPTED.**

1

**Background**

While this Court lacks subject matter jurisdiction to litigate the merits of the underlying contractual dispute between the parties, which was initiated and pends on the state court docket, Defendant continues his legal finagling in an effort to keep this case alive on our docket, as he has succeeded in doing for over a year and half following our remand. Thus, we provide here limited background information—only as necessary—to resolve Defendant's current objections to the Magistrate Judge's Report and Recommendation.

On February 28, 2018, Plaintiff Jackson County Bank initiated this action in Jackson Superior Court I (Indiana) charging Defendant with breach of a covenant not to compete, breach of fiduciary duty, and other business torts under state and common law. Dkt. 1, Ex. A. On May 2, 2018, Defendant removed this case from the Jackson Superior Court I, purportedly invoking our subject matter jurisdiction pursuant to 28 U.S.C. § 1331. Plaintiff promptly sought its remand on May 11, 2018, based on the obvious fact that Plaintiff's complaint included only state law claims and there was no diversity of citizenship. Dkt. 9, 10.

We agreed with Plaintiff and rejected Defendant's attempt to invoke federal question jurisdiction as well because the case indisputably did not arise under federal law. Dkt. 19. Noting that Defendant had ignored long-standing principles regarding the well-pleaded complaint rule and also buried the relevant question of whether Plaintiff's complaint was a creature of federal law under a "blanketing snowfall" of explanations as

to why federal law was relevant, our Remand Order held that "clearly established law demonstrated that [Defendant] had no basis for removal," thereby rendering the removal "objectively unreasonable." *Id.* at 15.

Accordingly, we awarded Plaintiff the reimbursement of its costs and fees based on the wrongful removal, noting that the impropriety of removal "was not a close question" based on Defendant's "obviously deficient arguments." *Id.* at 16. We directed Plaintiff to submit a list of specific costs and fees for reimbursement, which it timely did. *Id*. at 17, Dkt. 22. Defendant objected to Plaintiff's assessment of costs as well their reasonableness. After careful review, we entered an Order on Plaintiff's Petition for Costs and Fees ("Fees Order") on July 19, 2018, requiring Defendant to pay to Plaintiff the amount of $9035.61, comprised of $8776.00 in attorney fees and $259.61 in costs. Dkt. 25.

On August 20, 2018, Defendant filed a Notice of Appeal challenging our Remand Order as well as the Fees Order. Dkt. 26. On February 6, 2019, the Seventh Circuit dismissed the appeal, stating: "An order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise." Dkt. 32. The Seventh Circuit, however, did review and affirm our award of costs and fees, holding as follows: "We find no abuse of discretion, as we agree that [Defendant] lacked an objectively reasonable basis to remove this case to federal court. The impropriety of removal, as the district court observed, was 'not a close question.'" The Seventh Circuit ordered the

reimbursement to Plaintiff-Appellee of its costs and fees incurred in defending the appeal.

Both our Remand Order and the Seventh Circuit's affirmance thereof included detailed explanations of the reasons the removal of this matter was objectively unreasonable. Still not convinced, Defendant filed a Motion for Relief, Dkt. 42, from our Fees Order, pursuant to Federal Rule of Civil Procedure 60(b)(3), arguing that Plaintiff had intentionally concealed relevant contracts that "make it clear that the claims asserted by the Plaintiff in their [*sic*] Complaint do contain federal questions of law, and as such, [Defendant did] objectively have a reasonable legal basis for filing to have this matter removed to federal court and he should not have had attorney fees and costs awarded against him." Defendant also requested an evidentiary hearing on that motion. Dkt. 62.

Apparently frustrated by Defendant's continued litigiousness in filing the Motion for Relief, Plaintiff moved for sanctions against Defendant, arguing that Defendant's motion consisted of unsubstantiated claims of fraud. Plaintiff requested an order: (1) awarding Plaintiff its attorneys' fees, costs, and expenses associated with its Motion for Sanctions and in responding to Defendant's Motion for Relief; (2) assessing a monetary sanction against Defendant's counsel, Jason M. Smith, for his vexatiousness, payable to the Clerk of the Court; and (3) ordering that Attorney Smith attend an ethics course on professionalism approved by the Indiana Disciplinary Commission, with verification to the Court. In response, Defendant moved to strike Plaintiff's Motion for Sanctions. In response to Defendant's Motion for Evidentiary Hearing, Plaintiff filed a second Motion

4

for Sanctions charging that Defendant's motion suffered from the same deficiencies as the Motion for Relief. Plaintiff's second Motion for Sanctions reiterated its earlier requests, but also sought an order awarding Plaintiff its attorneys' fees, costs, and expenses incurred in responding to Defendant's Motion for Evidentiary Hearing.

On December 26, 2019, we denied Defendant's Motion for Relief on various grounds. [Dkt. 75]. We held that Defendant had not shown that the contracts were "intentionally concealed." In actuality, the record established that they had been properly produced in the ordinary course of discovery. And, even if these contracts had been withheld, they did not provide an objectively reasonable basis for removal. Lacking any legal analysis supporting his subject matter jurisdiction theory, Defendant simply recapitulated his legally deficient arguments, all of which had previously been rejected by this Court and the Seventh Circuit. Indeed, Defendant's briefing consisted of overheated, exaggerated, and unfounded accusations against Plaintiff and its counsel. *Id.* at 9-11. Besides those deficiencies, Defendant's Motion for Relief was also untimely. *Id.* at 12.

An evidentiary hearing was not necessary to resolve the motion, so that request was denied; the Court noted that Defendant's Motion for Evidentiary Hearing did "little to convince us that Defendant can establish a legitimate basis for his belief that subject matter jurisdiction existed." *Id.* at 10. Similarly, Defendant's Motion for Evidentiary Hearing continued his tirade against Plaintiff, its counsel, and the state court. Defendant's motions were riddled with irrelevant facts, erroneous theories, and excessive rhetoric, so much so that it became necessary to admonish him that his Motion for Relief

(and the accompanying Motion for Evidentiary Hearing) were "not the appropriate setting[s] in which to hash out whether the state court was wrong in its adjudication of the motions before it, nor to evaluate alleged threats made by Plaintiff's representatives to Defendant and his counsel." *Id.* at 10 (*emphasis in original*).

Undeterred, Defendant's efforts to obtain relief from this Court did not end there. Following Defendant's failed appeal of our Fees Order, Plaintiff filed a verified petition to enforce a foreign judgment in Jackson County Superior Court, to which it attached a certified copy of our Fees Order as well as the Appellate Court Fees Order, in response to which, on October 4, 2019, Defendant filed a motion to vacate and dismiss or set aside the state court's proceedings supplemental, which the state court denied. On November 26, 2019, Defendant moved to enjoin the state court proceedings on the grounds that this federal court retains "exclusive jurisdiction" to enforce the Fees Order pending a resolution of the Motion for Relief. Dkt. 67.

Having denied Defendant's Motion for Relief, we referred Plaintiff's Motions for Sanctions, Defendant's Motion to Dismiss or Strike Plaintiff's Motion for Sanctions, and Defendant's Motion to Enjoin to the Magistrate Judge for a Report and Recommendation. The Magistrate Judge has now recommended that both Motions for Sanctions be granted and that Defendant's Motion to Dismiss or Strike as well as Defendant's Motion to Enjoin be denied. Dkt. 78. On January 24, 2020, Defendant objected to the Magistrate Judge's Report and Recommendation. The objection is now ripe for our review and final ruling. Dkt. 79.

## Analysis

### I. Standard of Review

Following the issuance of a Report and Recommendation by a Magistrate Judge, either party may interpose objections within fourteen days. 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b)(2). When a party raises specific objections to any portion of a Magistrate Judge's Report and Recommendation, the district court reviews those portions *de novo*. *Id.*. The district court "makes the ultimate decision to adopt, reject, or modify" the report and recommendation, and it need not accept any portion as binding; the court may, however, defer to those conclusions of the report and recommendation to which timely objections have not been raised by a party. *See Schur v. L.A. Weight Loss Ctrs., Inc.*, 577 F.3d 752, 759–761 (7th Cir. 2009). Defendant's objections satisfied these procedural requirements.

### II. Discussion

Defendant objects to the Magistrate Judge's Report and Recommendation on the following three grounds:[1]

> (1) [the findings] violate due process as required by Rule 11(c) because [Counsel] was not provided an opportunity to fully brief the matter and file an alternative written submission, (2) [the findings] grant a Rule 11 Motion filed on grounds different than those included in the warning shot letter sent by [Plaintiff's Counsel], and (3) [the finding] that the Federal District Courts do not have continuing exclusive jurisdiction over their own prior orders is in error and against fundamental concepts of federalism.

---

[1] Defendant concludes his brief by stating that he "object[s] to the Report and Recommendations in their [*sic*] entirety[.]" However, the scope of our review is clear: only specific objections are entitled to *de novo* review.

Dkt. 79, at 1. We address each objection in turn.

*a. The District Court's Authority to Impose Rule 11 and § 1927 Sanctions*

The Magistrate Judge has recommended imposing sanctions against Attorney Smith pursuant to Federal Rule of Civil Procedure 11 and 28 U.S.C. § 1927 as well as our inherent authority.

Federal Rule of Civil Procedure 11 provides that when an attorney signs a filing presented to the Court, the attorney certifies "that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances. . ." that the filing:

> (1) is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law; [and]
> (3) the . . . factual contentions have evidentiary support. . .

FED. R. CIV. P. 11(b). Rule 11(c) empowers the district court to impose sanctions if, after notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been violated. FED. R. CIV. P. 11(c)(1). If there are grounds for sanctions, the court has a duty to sanction the opposing party (or its counsel). *Chambers v. NASCO, Inc*., 501 U.S. 32 (1991). Rule 11 expressly allows the imposition of either monetary sanctions or non-monetary sanctions, or both. *See Fries v. Helsper*, 146 F.3d 452, 459 n. 6 (7th Cir. 1998). The fine should focus on deterring repetition of the inappropriate conduct.

Under 28 U.S.C. § 1927, the district court has the authority to sanction an attorney "who so multiplies the proceedings in any case unreasonably and vexatiously." *Carr v.*

*Tillery*, 591 F.3d 909, 919 (7th Cir. 2010). Sanctions are warranted under § 1927 "if the attorney has acted in an objectively unreasonable manner by engaging in a serious and studied disregard for the orderly process of justice. . . or where a claim [is] without a plausible legal or factual basis and lacking in justification." *Lightspeed Media Corp. v. Smith*, 761 F.3d 699, 708 (7th Cir. 2014) (*citation and quotation marks omitted*); *Jolly Group, Ltd v. Medline Indus., Inc.*, 435 F.3d 717, 720 (7th Cir. 2006). Section 1927 is meant to deter abusive litigation practices by attorneys and to make them bear the unnecessary costs associated with their actions. *Riddle & Assocs., P.C. v. Kelly*, 414 F.3d 832, 835 (7th Cir. 2005). An award under § 1927 is not punitive, it is compensatory. *Shales v. General Chauffeurs, Sales Drivers & Helpers Local Union No. 330*, 557 F.3d 746, 749 (7th Cir. 2009).

Finally, a district court also has an inherent power to sanction a party or its attorney who "has willfully abused the judicial process or otherwise conducted litigation in bad faith." *Secrease v. W. & S. Life Ins. Co.*, 800 F.3d 397, 401–02 (7th Cir. 2015) (*quoting Salmeron v. Enter. Recovery Sys., Inc.*, 579 F.3d 787, 793 (7th Cir. 2009)). Sanctions are appropriate when a party or his counsel acts in "bad faith by delaying or disrupting the litigation," impedes or hampers enforcement of a court order, or defiles the justice system. *Chambers*, 501 U.S. at 46 (*quotations omitted*). "This power is 'permissibly exercised not merely to remedy prejudice to a party, but also to reprimand the offender and to deter future parties from trampling upon the integrity of the court.'" *Flextronics Int'l, USA, Inc. v. Sparkling Drink Sys. Innovation Ctr. Ltd.*, 230 F. Supp. 3d

9

896, 907 (N.D. Ill. 2017) (*quoting Salmeron*, 579 F.3d at 797). This district court can use its inherent authority to fashion appropriate sanctions for conduct that abuses the judicial process. *Chambers*, 501 U.S. at 44-45. The inherent power of the court can be used when "neither [a] statute nor the Rules are up to the task" or where there is sanctionable conduct under the Rules that is intertwined with conduct that only the court's inherent power can address. *Id.* at 50–51.

    b. *The Magistrate Judge's Rule 11 Findings Do Not Violate Due Process* [2]

The Magistrate Judge recommends that Plaintiff's first Motion for Sanctions be granted; Defendant objects on the grounds that he was denied his due process rights. Although not entirely clear, Defendant appears to assert that the Magistrate Judge improperly concluded that a hearing was not necessary prior to granting Plaintiff's request for Rule 11 sanctions. "While it is true a hearing may not be required, it is dependent on whether the same is required to provide the attorney in question a

---

[2] As noted by Plaintiff, "[a]lthough it is difficult to discern, Defendant's first objection appears to relate to the Motion for Relief and the first Motion for Sanctions." Indeed, Defendant's first objection attacks our Order denying his Motion for Relief. While Defendant states that he plans to file a Motion to Correct Error with respect to that Order, the time to do so has come and gone without a word from Defendant. FED. R. CIV. P. 59(e); *Gleash v. Yuswak*, 308 F.3d 758, 761 (7th Cir. 2002); *Jones v. Wells Fargo Bank, N.*A., No. 1:18-CV-125-TLS, 2018 WL 6303683, at *2 (N.D. Ind. Dec. 3, 2018). Accordingly, our Order denying Defendant's Motion for Relief stands, and the Magistrate Judge's reliance on those findings in concluding that Defendant violated Rule 11 in his Motion for Relief was appropriate. Defendant's critiques of our earlier Order are a rehash of his previously rejected arguments, which were confusing, convoluted, and irrelevant. For example, counsel oddly opines about his being a shareholder of Jackson County Bank, having a 401(k) account at Jackson County Bank, and managing 200 other clients whom he is trying to protect from Jackson County Bank executives who are allegedly trying to harm them. None of these "facts" have an iota of relevance to the limited issues before our Court. Defendant's arguments on the merits of the underlying contract dispute are obviously inappropriate and thus have been ignored here.

reasonable opportunity to respond" says Defendant. This is the extent of his analysis. Lacking any specific objection to the Magistrate Judge's Report and Recommendation on this issue, we have no difficulty accepting the Magistrate Judge's conclusion: an evidentiary hearing on a motion for sanctions is not necessary when, as here, an opportunity for the issues to be fully briefed by the parties had been provided. *See* FED. R. CIV. P. 11(c)(3); *see also Kapco Mfg. Co. v. C & O Enterprises, Inc*., 886 F.2d 1485, 1494–95 (7th Cir. 1989).[3] This objection is overruled.

*c. Plaintiff provided a "warning shot" to Defendant*

Pursuant to the Federal Rules of Civil Procedure:

> A motion for sanctions must be made separately from any other motion and must describe the specific conduct that allegedly violates Rule 11(b). The motion must be served under Rule 5, but it must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service or within another time the court sets. If warranted, the court may award to the prevailing party the reasonable expenses, including attorney's fees, incurred for the motion.

Fed. R. Civ. Pro. 11(c)(2). As the Magistrate Judge explained: "The rule requires the 'motion' to be served, but controlling Seventh Circuit case law has held that a letter that explains the grounds for sanctions and provides more than 21 days to remedy the problem constitutes 'substantial compliance' to satisfy Fed. R. Civ. P. 11(c)(2)." *See Nisenbaum v. Milwaukee County*, 333 F.3d 804, 808 (7th Cir. 2003).

---

[3] Defendant also collaterally attacks our prior decision not to provide him an evidentiary hearing on his Motion for Relief. However, as we explained, Defendant was not entitled to a hearing. Obviously, he should not have been afforded one to contest matters entirely irrelevant to the legal question presented in his Motion for Relief. Defendant cannot simply parrot the phrase "due process" and expect the Court jump.

11

These requirements were satisfied here. On July 31, 2019, Plaintiff's counsel sent Defendant's counsel a notice, by certified mail and e-mail, informing him that Plaintiff intended to move for Rule 11 sanctions if the Motion for Relief was not withdrawn within 21 days. The certified mailing was returned unopened to Plaintiff's counsel. Defense counsel apparently had obtained a new mailing address but had not provided any notice to opposing counsel. On August 5, 2019, Plaintiff's counsel sent a second letter by certified mail and e-mail advising that the prior certified mailing had been returned, enclosing another copy of the Rule 11 notice, and requesting a phone call to discuss the matter. Defense counsel did not respond.

Plaintiff's letter explained its position that it believed Defendant's Motion for Relief violated Rule 11 for the following reasons: (1) Defendant had already unsuccessfully appealed the previous orders from the district court; (2) the claim that Jackson County Bank committed fraud was wholly unsupported; (3) the motion misrepresented the factual record to the Court; and (4) even if there was a basis for Defendant's motion, the motion was not timely filed. On August 30, 2019, having received no communications in response from defense counsel, Plaintiff moved for sanctions.

Defendant argues that Plaintiff's letter did not substantially comply with Rule 11 because it "exclusively" dealt with an assertion that the motion was frivolous and "did not prepare Attorney Smith for an onslaught of accusations that he is acting unprofessionally and uncivilly." The Magistrate Judge disagreed, finding that the letter

effectively placed Defendant on notice of Plaintiff's position and intentions and permitted Defendant ample time to consider withdrawing his Motion for Relief if he lacked evidentiary support for his allegations of fraud, as Plaintiff had claimed in both its warning letter and its Motion for Sanctions. The Magistrate Judge also deemed it significant that Defendant had made no attempt to meet and confer with Plaintiff's counsel, despite an invitation to do so. With respect to Plaintiff's allegations of incivility, the Magistrate Judge advised:

> [Plaintiff] has raised issues . . . with [defense counsel's] attacks against Plaintiff, its counsel, the state court, and specific staff members of the state court. The undersigned recognizes that many of these issues have been raised out of necessity because [Defendant] raises these issues as bases for relief in both the Motion for Relief and the Motion for Evidentiary Hearing. To the extent [Plaintiff] calls these issues into question because they served no basis for the underlying motions, that is within the jurisdiction of the undersigned to consider. However, to the extent [Plaintiff] seeks the undersigned to make a finding as to the impropriety of these acts or to sanction Smith for these acts, these issues are beyond the jurisdiction of this Court to consider.

Defendant now argues that the Magistrate Judge improperly recommended "grant[ing] a Rule 11 Motion on different grounds than those included in the warning shot letter[.]" This is simply incorrect. Defendant's objection hinges on his assertion that the Magistrate Judge's recommendation to grant Plaintiff's first Motion for Sanctions is based on Plaintiff's allegations of Attorney Smith's acts of incivility, even though Smith was not placed on proper notice of these contestations. Defendant's contention fails to acknowledge that the Magistrate Judge's Report and Recommendation did not turn on Plaintiff's allegations of unprofessionalism. The Magistrate Judge expressly rejected "mak[ing] a finding as to the impropriety of these acts or to sanction [defense counsel]

13

for these acts." Indeed, the Magistrate Judge referenced Plaintiff's qualms objections to defense counsel's allegedly uncivil acts only to the extent they were were intertwined with the Defendant's baseless accusations contained in the motions under review by the Court.

Defendant's claim that he did not have adequate notice of the grounds for which the Magistrate Judge recommended sanctions is unpersuasive. Defendant *concedes* that the warning letter threatened sanctions on the basis that the Motion for Relief (which accused Plaintiff of fraud and intentionally concealing documents) was unsubstantiated, and that the subsequent Motion for Sanctions was based on Defendant's unsubstantiated and unsupported statements of an intentional withholding of documents. As Plaintiff has noted, these are the *same* accusations. Defendant's objection fails to explain how he was *not* on notice of these accusations, which were the foundation of the Magistrate Judge's Report and Recommendation. Defendant's inability to advance any cogent, cohesive argument in support of his objections stands as a tacit admission of their lack of substance and merit.

Defendant's return to his claim that he has evidence to prove that Plaintiff intentionally concealed the contracts at issue in his Motion for Relief is misplaced.[4]

---

[4] Because defense counsel has not established a reputation for punctuality or thoroughness, or forthrightness in his arguments, instead seemingly preferring to file untimely and underdeveloped motions, we find it prudent to acknowledge here those findings of the Magistrate Judge left unchallenged by Defendant, to wit, that his Motion for Evidentiary Hearing raises unsubstantiated accusations irrelevant to any matter before our Court; that Plaintiff served a proper warning letter before filing its second Motion for Sanctions; and that Defense counsel has "unreasonably and vexatiously multiplied proceedings" through the filing of his motions. The

When Defendant had the opportunity to present such evidence in his Motion for Relief, thereafter in a Motion to Correct Error, or in response to Plaintiff's Motion for Sanctions, he did not. This claim has effectively been abandoned by Defendant at this point.

The Magistrate Judge's conclusion that defense counsel was afforded a proper Rule 11 "warning shot" is well-founded and we fully adopt it as our own.

### d. The State Court Enforcement Proceedings Should Not be Enjoined

Defendant's final objection to the Magistrate Judge's Recommendation is that he erred in his proposed denial of the Motion to Enjoin the state court enforcement proceedings. The Magistrate Judge concluded that the state court enforcement proceedings should not be enjoined, pursuant to the Anti-Injunction Act, 26 U.S.C. § 7421, which establishes that federal courts should not enjoin state court proceedings except in limited, statutorily defined circumstances not applicable here.[5] Despite objecting to the Magistrate Judge's interpretation of the Anti-Injunction Act, Defendant thereafter fully satisfied his obligations to pay the costs and fees described in our Fees Order as well as that of the Seventh's Circuit and, on February 6, 2020, the state court entered its Release and Satisfaction of Judgment—concluding the state court enforcement proceedings and mooting the issue of whether they should be enjoined. Accordingly,

---

failure by Defendant to raise objections on these particular findings constitutes a waiver of each issue or argument. *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999); *Wylie v. Brookdale Senior Living, Inc.*, No. 1:18-CV-03652-TWP-DLP, 2019 WL 6242198, at *2 (S.D. Ind. Nov. 22, 2019).

[5] As noted by the Magistrate Judge, Defendant did not apply the Anti-Injunction Act in his Motion to Enjoin, instead relying on two cases from the 1800s, issued before the Anti-Injunction Act was enacted.

15

Defendant's Motion to Enjoin the state court enforcement proceedings is now **denied as moot.**

## CONCLUSION

Upon careful *de novo* review, we **OVERRULE** Defendant's objections and **ADOPT** the Magistrate's Report and Recommendation in full. Dkt. 78. Plaintiff's Motions for Sanctions are **GRANTED**. Dkt. 48, 68. Defendant's Amended Motion to Strike or Dismiss Plaintiff's Motion for Sanction is **DENIED**. Dkt. 54. Defendant's Motion to Enjoin Proceedings is **DENIED AS MOOT**. Dkt. 67. The following sanctions are hereby imposed:

1. Attorney Jason M. Smith is ordered to pay Plaintiff's attorneys' fees and costs associated with the briefing of both motions for sanctions and in responding to the Motion for Relief and Motion for Evidentiary Hearing. Plaintiff's counsel shall file a renewed and revised petition setting forth its fees and costs within fourteen days following the issuance of this Order. Mr. Smith may file a response to the petition with seven days thereafter.
2. Within six months of the issuance of this Order, Attorney Smith must enroll in and complete an applied professionalism course constituting at least six hours of continuing legal education that has been accredited by the Indiana Commission for Continuing Legal Education. *See* Indiana Rules for Admission to the Bar and the Discipline of Attorneys, Rule 29. Mr. Smith shall file a verified notice to the Court following his satisfactory completion of the course.

3. Consistent with the decision in *DuSablon v. Jackson Cty. Bank*, 132 N.E.3d 69, note 2 (Ind. Ct. App. 2019), *transfer denied*, No. 18A-MI-2259, 2020 WL 556385 (Ind. Jan. 30, 2020), the Clerk of this Court is directed to transmit a copy of this Order and the Magistrate Judge's Report and Recommendation as well as the parties' briefings to the Indiana Supreme Court Disciplinary Commission, which has exclusive jurisdiction to discipline an attorney and to consider issues relating to the violations of the Rules of Professional Conduct. (Dkt. 42, Dkt. 45, Dkt. 47, Dkt. 48, Dkt. 54, Dkt. 57, Dkt. 61, Dkt. 62, Dkt. 63, Dkt. 65, Dkt. 66, Dkt. 68, Dkt. 73, Dkt. 74, Dkt. 78, Dkt. 79, Dkt. 80).

**IT IS SO ORDERED.**

Date: 2/12/2020

_____
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Phillip J. Fowler
SMITHAMUNDSEN LLC (Indianapolis)
PFowler@salawus.com

W. Brent Gill
SMITH LAW SERVICES PC
wbrentgill@comcast.net

Philip J. List
SMITHAMUNDSEN LLC (Indianapolis)
plist@salawus.com

Debra Ann Mastrian
SMITHAMUNDSEN LLC (Indianapolis)
dmastrian@salawus.com

Suzannah Wilson Overholt
SMITHAMUNDSEN LLC (Indianapolis)
soverholt@salawus.com

Jason M. Smith
SMITH LAW SERVICES, P.C.
jason.smith@smithlawservices.com

Indiana Supreme Court Disciplinary Commission
251 N Illinois St #1600
Indianapolis, IN 46204