UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| JACKSON COUNTY BANK, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 1:18-cv-01346-SEB-MPB |
| MATHEW R DUSABLON, | ) ) ) | |
| Defendant. | ) ) | |
| | ) | |
| MATHEW R DUSABLON, | ) ) ) | |
| Counter Claimants, | ) ) | |
| v. | ) ) | |
| JACKSON COUNTY BANK, | ) ) ) | |
| Counter Defendants. | ) ) ) | |

**ORDER ON MOTION FOR ATTORNEYS' FEES & COSTS**

On February 12, 2020, we ordered Jason M. Smith, attorney for the defendant, to pay Plaintiff's attorneys' fees and costs associated in responding to Defendant's Motion for Relief and Motion for Evidentiary Hearing as well as those costs and fees incurred in relation to briefing two motions for sanctions. Now before the Court are Plaintiff's itemized petition, [Dkt. 82], Defendant's response to it, [Dkt. 83], and Plaintiff's reply, [Dkt. 84].

1

**Background**

A brief review of how this case reached its current posture will be helpful to a full understanding of our rulings.

On February 28, 2018, Plaintiff Jackson County Bank initiated this action in Jackson Superior Court I (Indiana) charging Defendant with breach of a covenant not to compete, breach of fiduciary duty, and other business torts under state and common law. [Dkt. 1, Ex. A]. On May 2, 2018, Defendant removed this case from the Jackson Superior Court I, purportedly invoking our subject matter jurisdiction pursuant to 28 U.S.C. § 1331. Plaintiff promptly sought a remand on May 11, 2018, based on the obvious deficiencies in Plaintiff's complaint, that it included only state law claims and there was no diversity of citizenship. [Dkt. 9, 10]. We agreed with Plaintiff and rejected Defendant's attempt to invoke federal question jurisdiction because the case indisputably did not arise under federal law. [Dkt. 19]. Noting that Defendant's failings were many in having sought removal, to wit, that he had ignored long-standing principles regarding the well-pleaded complaint rule, raised "obviously deficient arguments," and buried the relevant question of whether Plaintiff's complaint was a creature of federal law under a "blanketing snowfall' of explanations as to why federal law was relevant, our Remand Order held that "clearly established law demonstrated that [Defendant] had no basis for removal," thereby rendering the removal "objectively unreasonable." [*Id.* at 15.]

Accordingly, we awarded Plaintiff a reimbursement of its costs and fees incurred because of the wrongful removal, the impropriety of which "was not a close question." [*Id.* at 16]. We directed Plaintiff to submit a list of specific costs and fees for

reimbursement, which it timely did. [*Id.* at 17, Dkt. 22]. Defendant objected to Plaintiff's assessment of costs as well their reasonableness. After careful review, we entered an Order on Plaintiff's Petition for Costs and Fees ("Fees Order") on July 19, 2018, requiring Defendant to pay to Plaintiff the amount of $9035.61, comprised of $8776.00 in attorney fees and $259.61 in costs. [Dkt. 25.]

On August 20, 2018, Defendant filed a Notice of Appeal challenging our Remand Order as well as the Fees Order. [Dkt. 26.] On February 6, 2019, the Seventh Circuit dismissed the appeal, stating: "An order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise." [Dkt. 32]. The Seventh Circuit, however, did review and affirm our award of costs and fees, holding as follows: "We find no abuse of discretion, as we agree that [Defendant] lacked an objectively reasonable basis to remove this case to federal court. The impropriety of removal, as the district court observed, was 'not a close question.'" The Seventh Circuit added to the fees award in favor of Plaintiff by ordering the reimbursement to Plaintiff-Appellee of its costs and fees incurred in defending the appeal.

Both our Remand Order and the Seventh Circuit's affirmance thereof included detailed explanations as to the reasons the removal of this matter was objectively unreasonable. Still not convinced, Defendant filed a Motion for Relief from our Fees Order, [Dkt. 42], pursuant to Federal Rule of Civil Procedure 60(b)(3), arguing that Plaintiff had intentionally concealed relevant contracts that "make it clear that the claims asserted by the Plaintiff in their [sic] Complaint do contain federal questions of law, and as such, [Defendant did] objectively have a reasonable legal basis for filing to have this

3

matter removed to federal court and he should not have had attorney fees and costs awarded against him."

Apparently frustrated by Attorney Smith's continued litigiousness in filing the Motion for Relief, Plaintiff moved for an award of sanctions against him, arguing that the motion consisted of unsubstantiated claims of fraud. Plaintiff requested an order that, in relevant part, awarded reimbursement of Plaintiff attorneys' fees, costs, and expenses associated with filing its Motion for Sanctions and responding to Defendant's Motion for Relief. [Dkt. 48]. Attorney Smith next requested an evidentiary hearing on his Motion for Relief, prompting Plaintiff to file a second Motion for Sanctions asserting that the Motion for Evidentiary Hearing suffered from the same deficiencies as the Motion for Relief and seeking an additional award of its attorneys' fees, costs, and expenses. [Dkt. 62, 68].

On December 26, 2019, we denied the Motion for Relief on various grounds, [Dkt. 75], holding that Defendant had not shown that the contracts were "intentionally concealed." In point of fact, the record established that they had been properly produced in the ordinary course of discovery. Even if these contracts had been withheld, they did not provide an objectively reasonable basis for removal. Lacking any legal analysis supporting his subject matter jurisdiction theory, we found that Attorney Smith had simply recapitulated his legally deficient arguments, all of which had previously been rejected by this Court and the Seventh Circuit. Indeed, his briefing consisted of overheated, exaggerated, and unfounded accusations against Plaintiff and its counsel. [*Id.* at 9-11]. Besides those deficiencies, the Motion for Relief also untimely. [*Id.* at 12].

We also denied Attorney Smith's requested evidentiary hearing, noting that his briefing did "little to convince us that Defendant can establish a legitimate basis for his belief that subject matter jurisdiction existed." [*Id.* at 10]. Additionally, the Motion for Evidentiary Hearing was another version Attorney Smith's ongoing tirade against Plaintiff, its counsel, and the state court. In sum, both motions were riddled with irrelevant facts, erroneous legal theories, and exaggerated, overheated rhetoric. [*Id.* at 10].

Both motions for sanctions were referred to the Magistrate Judge for a Report and Recommendation, which we adopted in full on February 12, 2020. Consistent with the Magistrate Judge's recommendations, we granted Plaintiff's Motions for Sanctions against Attorney Smith, pursuant to Federal Rule of Civil Procedure of 11 and 28 U.S.C. § 1927. In relevant part, we ordered Attorney Smith to pay Plaintiff's attorneys' fees and costs associated with the briefing of both motions for sanctions and in responding to the Motion for Relief and Motion for Evidentiary Hearing. Plaintiff's counsel timely filed its petition setting forth its costs and fees, which is now ripe for decision

## **Discussion**

Plaintiff requests $48,596.50 in fees, representing 90.9 hours of attorney time expanded by two partners and one associate. The lead partner's rate was $410.00 per hour throughout 2019 but was increased to $425 in 2020. The hourly rate for the second partner as well as the associate are $350 and $250, respectively.[1] Plaintiff also requests a

---

[1] Attorney Smith does not challenge Plaintiff's counsels' hourly rates, and we find them reasonable for lawyers of similar experience practicing in Indianapolis.

payment of $356.82 to cover its research costs. The total requested award is, therefore, $48,953.32. Attorney Smith objects to this award on the grounds that it is excessive.

Attorney Smith's primary argument in support of the claimed excessiveness is "[in] light of the fact that [the] activities in question were all done to avoid a four (4) hour evidentiary hearing[.]" Attorney Smith, apparently having absorbed nothing from our prior orders explaining the many reasons his various motions were meritless, opines that he was entitled to an evidentiary hearing to "prove the veracity of the statements in the Motion for Relief[.]" He therefore requests that the fees award be limited only to those fees that would have been incurred in participating in an evidentiary hearing, somewhere he estimates in the ballpark of $5000-$7500.

We have invested enough judicial time and attention addressing Attorney Smith's unfounded request for an evidentiary hearing. We will not repeat those efforts. Attorney Smith was not and is not entitled to the relief he requests. Accordingly, no such limit will be imposed by the Court on Plaintiffs' award of fees.

As an alternative request, Attorney Smith proposes other grounds for reducing the amount of the allegedly excessive fees petition. He objects to the fees assessed by Plaintiff's lead attorney, Debra Mastrian, for research dealing with Attorney Smith's instances of unprofessional conduct. One such case, *Matter of the Unsupervised Estate of Leona Mae Brumett*, involving Attorney Smith, included a Motion for Relief, which Plaintiff has characterized as similarly deficient to the one in our case. In another case, *In the Matter of the Kazluaski Family Living Trust*, Attorney Smith reportedly accused the trial judge of bias and prejudice, similar to criticisms he has leveled here against the state

6

court judge. In the third matter, *Penner v. Penner*, Attorney Smith's client wound up be the subject of sanctions.

We agree that Plaintiff's counsel is not entitled to recover for the fees generated in connection with this research. Accordingly, we shall deduct $2,009.00 from the fees request related to this research.[2]

Attorney Smith also objects to fees related Plaintiff's counsels' "communications with the Court in [his] absence," which communications, he says, create an appearance of impropriety. Attorney Smith's objections on this point are without merit. On three occasions, Plaintiff's counsel reportedly contacted and spoke to either the undersigned's Courtroom Deputy or to the Magistrate Judge's Courtroom Deputy or to a paralegal about non-substantive issues, such as the schedule for filing a response brief. These communications were in no way violative of Attorney Smith's "due process rights under the Fourteenth Amendment."

Attorney Smith objects as well to Plaintiff's request to reimburse fees for three attorneys on the grounds that, if his motions were as flawed and unsubstantial as Plaintiff insists, only one attorney would have been required. He thus seeks a reduction in the fees to cover the investment of only the lead partner. He also argues that he should not be responsible for the costs related to the first Rule 11 Warning Letter and Motion for Sanctions on the grounds that they "effectively negated each other while duplicating his

---

[2] Research on this issue is included in a list of tasks performed by Plaintiffs' counsel. Plaintiff's counsel represents that only a small portion of this time was associated with researching Attorney Smith's past cases. However, we are unable from what was submitted to differentiate between the time spent on each of the various tasks.

7

expenses."[3] We are not persuaded that the number of attorneys was excessive (Attorney Smith has received assistance from other attorneys at his firm), and fail to understand Attorney Smith's argument that the Rule 11 Letter and Motion "negated" one another while "duplicating" his expenses. We nonetheless do conclude that Plaintiff's overall fess request is unreasonably high.[4]

To illustrate: Plaintiff's counsel expended 24.8 hours briefing the motion for relief, 46.3 hours briefing the first motion for sanctions,[5] 15.9 hours briefing the motion for evidentiary hearing, and another 30.7 hours briefing the second motion for sanctions. The the number of hours spent on briefing the latter two motions is out of line given that that they generally recapitulate arguments articulated in earlier briefing. At least a third of the briefing on the motion for evidentiary hearing, which was primarily completed by partners, is repetitive of earlier briefing. Similarly, two partners invested 30.7 hours briefing the second motion for sanctions, even though no fewer than nine of the twenty-five pages of this briefing were substantially identical to earlier briefs. While we concede

---

[3] Attorney Smith also argues we should deduct all fees related to the first Rule 11 Warning Letter and Motion for Sanctions because they "failed to provide Attorney Smith with any benefit." Presumably Attorney Smith is referencing his prior argument that Plaintiff's counsel failed to provide him a proper warning before moving for sanctions. We have previously rejected this argument.

[4] In fact, we found Plaintiff's first fee petition to be unreasonably high in our July 19, 2018 Fees Order, wherein we reduced Plaintiff's request award of attorneys' fees from $19,712.00 to $8776.00. [Dkt. 25].

[5] We are not concerned with the quantity of hours dedicated to these first two motions, given the extent of the issues and allegations raised in Attorney Smith's motion for relief, particularly the numerous groundless accusations of misconduct launched by Attorney Smith at Plaintiffs' counsel and other members of the bar, as well as the prolonged, extensive briefing necessitated in responding to Attorney Smith's prolix filings.

that Attorney Smith's filings were hardly models of clarity, none contained complex legal questions warranting such extensive research and writing.

 For these reasons, we shall strike from the overall fees request 5.3 hours spent responding to the motion for evidentiary hearing. These deductions are proportionate to the three attorneys: 1.2 hours will be reduced from the time billed by Attorney Traylor at the rate of $250.00 and from Attorney Overholt at the rate of $350.00, and 2.9 hours from Attorney Mastrian at the rate of $410.00. The total reductions therefore is $1909.00. For similar reasons and in similar fashion, we will deduct 11.1 hours from the time spent on the second motion for sanctions, resulting in a reduction of 4.4 hours reduced from time billed by Attorney Overholt at a rate of $350.00 and 6.7 hours billed by Attorney Mastrian, with .6 of those hours billed at a rate of $425.00 and 6.1 billed at a rate of $410.00. The total award for the time billed in briefing the second motions for sanctions will be reduced by $4296.00

 We also will strike .6 hours from the time billed by Attorney Mastrian, with .2 of those hours billed at a rate of $410.00 and .4 billed at a rate of $425.00 (for a reduction of $252.00), which time has not been tied to any particular motion.

 Finally, we will strike 7.8 hours from the time billed by Attorney Mastrian at a rate of $425.00 for reviewing the Magistrate Judge's Report and Recommendation and responding to Attorney Smith's objections, which amounts to a reduction of $3315.00. Though these filings were related to the motions for sanctions, attorney fees were not awarded for the time spent on these tasks.

In sum, based on these reductions, Plaintiff's fees request shall be reduced by $11,781.00. Plaintiff's counsel is thus entitled to a payment by Attorney Smith in the amount of $36,815.50, plus an additional reimbursement of costs in the amount of $356.82.

## **CONCLUSION**

For the reasons explained above, Plaintiff's Motion for Attorneys' fees [Dkt. 82] is granted with adjustments. Attorney Smith is ordered to pay to Plaintiff the total sum of $37,172.32, computed on the basis of $36,815.50 in attorneys' fees and $356.82 in costs. Payment shall be made forthwith and without delay.

IT IS SO ORDERED.

Date: 9/30/2020

*Sarah Evans Barker*

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

W. Brent Gill
SMITH LAW SERVICES PC
wbrentgill@comcast.net

Debra Ann Mastrian
SMITHAMUNDSEN LLC (Indianapolis)
dmastrian@salawus.com

Suzannah Wilson Overholt
SMITHAMUNDSEN LLC (Indianapolis)
soverholt@salawus.com

Jason M. Smith
SMITH LAW SERVICES, P.C.
jason.smith@smithlawservices.com